## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

   v.

Tobin

February 28, 1989

Case No. CF-890072, F-10228

### By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Motion to Suppress. The remaining ground for the Motion not previously ruled on is that the search is invalidated by the failure to abide by certain procedures for the certification and filing of the affidavit.

Particularly, Defendant argues that the affidavit was improperly certified by the magistrate because there is no date of the certification and, thus, it cannot be said that it was so certified within seven days after issuance as required by Code of Virginia, § 19.2-54. Also, Defendant contends that this statute requires delivery directly from the issuing magistrate or other officer authorized to issue warrants to the Clerk of the Circuit Court. The parties agree that delivery to the Clerk was made by a messenger from the Alexandria Police Department.

The Defendant's first contention is determined under *Quintana v. Commonwealth*, 224 Va. 127 (1982). In that case, the magistrate failed to certify the affidavit before filing it with the Clerk. The Court in *Quintana* refused to invalidate the search holding that the required affidavit referred to in § 19.2-54 was the one required by the Fourth Amendment to the Constitution of the United States, i.e., one sufficient to support a finding of

probable cause by a neutral and detached magistrate. The purpose of the statutory requirement of filing the affidavit, the Court said, was to insure that the filed affidavit is the same one that was used by the magistrate to find probable cause. Here, as in *Quintana*, there is no suggestion that the filed affidavit is not the one presented to the magistrate. The defect, if any, in this filing, the omission of the date, is far less significant than that in *Quintana*. Here the affidavit is stamped by the clerk as having been filed on November 28, 1988, and the search is alleged to have occurred on November 26, 1988. Thus, the Court finds that certification occurred within the seven days required by the statute.

The statute states in pertinent part:

Such affidavit shall be certified by the officer who issues such warrant and delivered by such officer or other officer authorized to certify such warrants to the Clerk of the Circuit Court . . . .

Nothing in this Code section, even if interpreted strictly as the Court must do, required a hand-to-hand delivery by the issuing or other officer to the Clerk.

A delivery made by such officer that causes the affidavit to come into the possession of the Clerk of Court is clearly sufficient. Thus, Defendant's argument in this regard must fail.

For the foregoing reasons, the Motion to Suppress must be denied.